UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JIMMIE HARDAWAY, JR.,
LARRY A. BOYD,
FIREARMS POLICY COALITION, INC.,
SECOND AMENDMENT FOUNDATION,

    Plaintiffs,

vs.

KEVIN P. BRUEN, in his official capacity as
Superintendent of the New York State Police,
BRIAN D. SEAMAN, in his official capacity
as District Attorney for the County of
Niagara, New York, and
JOHN J. FLYNN, in his official capacity as
District Attorney for the County of Erie, New
York,

    Defendants.

**AFFIDAVIT**

Civil Action No.:
1:22-cv-00771-JLS

---

State of New York )
County of Niagara ) s.s.:
City of Lockport )

  Claude A. Joerg, Esq., being duly sworn, deposes and states as follows:

  1. I am licensed to practice law in the Courts of the State of New York and am admitted to practice law in the United States District Court for the Western District of New York. I am currently serving as the Niagara County Attorney, and in this capacity, I am representing defendant, Brian D. Seaman, in his official capacity as District Attorney for the County of Niagara, New York (hereinafter referred to as "District Attorney Seaman"), along with the law firm of Gibson, McAskill & Crosby, LLP, which I have retained as co-counsel.

  2. I have reviewed the complaint filed by plaintiffs, Jimmie Hardaway, Jr., Larry A. Boyd, Firearms Policy Coalition, Inc., and Second Amendment Foundation (hereinafter referred

to collectively as "Plaintiffs"). I understand Plaintiffs are challenging the constitutionality of New York Penal Law § 265.01-e(2)(c)(places of worship). [Docket No. 1].

3. I have also reviewed Plaintiffs' application for a temporary restraining order and preliminary injunction seeking to enjoin defendants, including District Attorney Seaman, as well as their officers, agents, servants, employees, and all persons in concert or participation with them from enforcing New York Penal Law § 265.01-e(2)(c)(places of worship), and regulations, policies, and practices implementing it. [Docket No. 9].

4. As of the date of this affidavit, neither any of the assistant district attorneys working in the Niagara County District Attorney's Office nor District Attorney Seaman have had any occasion to enforce New York Penal Law § 265.01-e(2)(c)(places of worship), effective September 1, 2022.

5. I am also aware that the Niagara County Legislature passed a resolution on September 13, 2022 in opposition to the actions taken by the State of New York restricting Second Amendment rights, wherein it expressed a commitment to "pursuing all legislative and legal remedies, either alone or in concert with other like-minded counties and organizations, to overturn this assault on our Constitutional rights". *See* the Official Record of the County of Niagara Legislature dated September 13, 2022 at pp. 43-44, *Resolution No. IL-095-22*, a copy of which is attached hereto as **Exhibit A**.

6. In light of the foregoing, District Attorney Seaman does not object to issuance of a temporary restraining order to permit a judicial determination of the constitutionality and enforceability of New York Penal Law § 265.01-e(2)(c)(places of worship).

7. Inasmuch as there has been no action taken to date by the County of Niagara or District Attorney Seaman to enforce this provision of the Penal Law, District Attorney Seaman respectfully objects to any adverse assessment of attorneys' fees.

_____
Claude A. Joerg, Esq.

Sworn to before me
this 19th day of October, 2022.

_____
Notary Public

Melissa M. Morton
Notary Public, State of New York
Qualified in Erie County
My Commission Expires April 14, 2024