UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JIMMIE HARDAYWAR, JR., LARRY A. BOYD, FIREARMS POLICY COALITION, INC. and SECOND AMENDMENT FOUNDATION,

          Plaintiffs,

vs.

KEVIN P. BRUEN, BRIAN D. SEAMAN, and JOHN J. FLYNN,

          Defendants.

Case No. 22-CV-00771-JLS

---

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RANDOMLY REASSIGN THIS CASE

LETITIA JAMES
Attorney General of the State of New York
RYAN BELKA
Assistant Attorney General, of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202
Tel: (716) 853-8440

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................... 1
FACTUAL BACKGROUND .................................................................................................... 2
ARGUMENT ............................................................................................................................. 3
   I.   THE INSTANT LITIGATION IS NOT "RELATED" TO THE *CHRISTIAN* LITIGATION UNDER LOCAL RULE 5.1(e) ..................................................................... 3
CONCLUSION .......................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Christian et al. v. Bruen, et al.*,
   Case No. 22-cv-00695 (W.D.N.Y.) ................................................................................ 1-2, 4

*Committee on Judiciary v. McGahn*,
   391 F. Supp. 3d 116 (D.D.C. 2019) .................................................................................. 1, 5

*J&K Prods., LLC v. Small Business Administration*,
   2022 WL 703835 (D.D.C. March 9, 2022) .......................................................................... 6

*Ligon v. City of New York*,
   736 F.3d 118 (2d Cir. 2013) ................................................................................................. 5

*NYSRPA v. Bruen*,
   142 S. Ct. 2111 (2022) .......................................................................................................... 6

*Paladino, et al. v. Bruen, et al.*,
   22-CV-541 (W.D.N.Y.) ......................................................................................................... 2

*Rite-Aid Corp. v. American Exp. Travel Related Servs. Co., Inc.*,
   2008 WL 3155063 (E.D.N.Y. Aug. 4, 2008) ....................................................................... 6

*Tripp v. Executive Office of the President*,
   196 F.R.D. 201 (D.D.C. 2000) ............................................................................................. 6

*Ukrainian National Association of Jewish Former Prisoners of Concentration
   Camps & Ghettos v. United States*,
   205 F.R.D. 102 (E.D.N.Y. 2001) ......................................................................................... 4

**CONSTITUTIONS**

Second Amendment ................................................................................................... 2-3, 6

First, Fifth and Fourteenth Amendments ........................................................................ 2

**RULES**

W.D.N.Y. Local Rule 5.1(e) ..................................................................................... 2-3, 6

E.D.N.Y. Local Rule 50.3 ......................................................................................... 4-5

E.D.N.Y. Local Rule 50.3.1 ......................................................................................... 4, 6

E.D.N.Y. Local Rule 50.3.1(a) ...................................................................................................4

Defendant Kevin P. Bruen, sued in his official capacity as Superintendent of the New York State Police (the "State"), respectfully submits this memorandum of law in support of its motion for an order declaring the instant litigation to be unrelated to Christian et al. v. Bruen, et al., Case No. 22-cv-00695 (W.D.N.Y.) and directing that the case be randomly reassigned pursuant to the Western District of New York's ("Western District") standard judicial assignment procedures.

## PRELIMINARY STATEMENT

As a general rule, cases filed in federal court "are randomly assigned in order to ensure greater public confidence in the integrity of the judicial process, guarantee fair and equal distribution of cases to all judges, avoid public perception or appearance of favoritism in assignment, and reduce opportunities for judge-shopping." Committee on Judiciary v. McGahn, 391 F. Supp. 3d 116, 118 (D.D.C. 2019). In the interest of judicial economy, District Courts have adopted local rules creating an exception for "related cases." *See e.g.* W.D.N.Y. Local R. 5.1(e). Under those rules, a plaintiff may designate a case as related to an earlier-filed action and have the new case assigned to the same judge responsible for the earlier-filed action. While these "related case" rules generally promote judicial economy, they can also be abused by parties for perceived tactical advantage—as plaintiffs have done here. *See* Marcel Kahan and Troy A. McKenzie, Judge Shopping, 13 J. Legal Analysis 341, 342 ("Savvy litigators appreciate the advantages that might come from 'shopping' for a particular judge by the use of a local rule on the assignment of related cases-and sometimes that use can stretch well beyond the ordinary bounds of housekeeping.").

In this litigation, Plaintiffs challenge the constitutionality of New York's general prohibition on the carrying of firearms in places of worship. The instant litigation is currently before this Court because Plaintiffs designated the case as being related to Christian. That case

challenged the constitutionality of New York's prohibition on the carrying of firearms in public parks, on public transportation, and on private property (unless explicitly permitted by the property owner).  Importantly, Christian did not challenge the prohibition in places of worship, the only measure at issue in this action.

Although both the instant litigation and Christian challenge the constitutionality of aspects of New York's statutes restricting the carrying of firearms, they challenge *different* aspects, under different statutory sections or subsections, that are potentially subject to differing site-specific analyses.  Therefore, they are not "related" for purposes of Local Rule 5.1(e), and this litigation should have been assigned pursuant to the Western District's standard judicial assignment procedures instead of being deemed related to the Christian case.[1]

**FACTUAL BACKGROUND**

On September 13, 2022, Brett Christian, the Firearms Policy Coalition, Inc., and the Second Amendment Foundation (collectively, the *"*Christian Plaintiffs") commenced an action challenging, under the Second Amendment, the constitutionality of New York's general prohibition on the carrying of firearms in public parks, on public transportation, and on private property, unless explicitly permitted by the property owner.  Christian, et al. v. Bruen, et. al*.,* 22-cv-695; [ECF No. 1] ¶ 37.  In filing the action, the Christian Plaintiffs designated the case as related to Paladino, et al. v. Bruen, et al., 22-CV-541 (W.D.N.Y.).  (See [ECF No. 1-2]).  Paladino challenged the New York's prohibition on private property under the First, Second, Fifth and Fourteenth Amendments and had been assigned to the Honorable John L. Sinatra, Jr. (See Paladino, [ECF No. 5], ¶ 49.  Based on the relatedness designation, Christian was

---

[1] The State contacted the Western District of New York's Clerk's Office to determine whether this case was assigned to the Honorable John L. Sinatra, Jr. pursuant to the Western District's standard judicial assignment procedures or as related to the Christian case.  The Clerk's Office represented that it was assigned due to its relatedness.

2

eventually assigned as well to Judge Sinatra. Shortly thereafter, the Christian Plaintiffs filed a motion for a preliminary injunction seeking to enjoin the Christian Defendants from enforcing the challenged provisions during the pendency of the case. Christian, ECF No. 19. Oral argument on that motion is currently scheduled for November 22, 2022.

One month later, Jimmie Hardaway, Jr., Larry A. Boyd, the Firearms Policy Coalition, Inc., and the Second Amendment Foundation[2] (collectively, the "Hardaway Plaintiffs") commenced the instant litigation challenging, under the Second Amendment, the constitutionality of New York's general prohibition on carrying firearms in places of worship. (ECF No. 1] ¶ 33). Although the Hardaway case was brought by different individual plaintiffs and does not challenge any of the provisions at issue in Christian, the Hardaway Plaintiffs designated the case as "related" to the Christian litigation. Civil Action Cover Sheet, [ECF No. 1-2] at p. 1. As a result, this case was also assigned to Judge Sinatra.

## ARGUMENT

### I. THE INSTANT LITIGATION IS NOT "RELATED" TO THE *CHRISTIAN* LITIGATION UNDER LOCAL RULE 5.1(e)

W.D.N.Y. Local Rule 5.1(e) addresses the judicial assignment of "related cases." It provides:

> **Related Cases**. Each attorney appearing in a civil case has a continuing duty to notify the Clerk promptly when the attorney has reason to believe that said case is related to some other pending civil or criminal action(s) such that its assignment to the same Judge would avoid unnecessary duplication of judicial effort. As soon as the attorney becomes aware of such a relationship, the attorney shall notify the Clerk of the Court by letter of the relevant facts, and the Clerk of the Court will transmit that notification to the Judges to whom the cases have been assigned.

---

[2] While the individual defendants in Christian and this litigation are different, the institutional plaintiffs are the same.

The Western District Local Rules do not define "Related Cases." The Local Rules of the Eastern and Southern Districts of New York, however, do define the term and are instructive. In the Eastern District,

> [a] civil case is 'related' to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge.

E.D.N.Y. Local Rule 50.3.1(a). Similarly, in the Southern District,

> in determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses.

S.D.N.Y. Rule for Division of Business Among District Judges 13(a)(1). Importantly, in both the Eastern and Southern District, civil cases "shall not be deemed related merely because they involve common legal issues or the same parties." Id. at 13(a)(2)(A); see also E.D.N.Y. Local Rule 50.3.1 ("A civil case shall be not deemed 'related' to another civil care merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties.").

In Ukrainian National Association of Jewish Former Prisoners of Concentration Camps & Ghettos v. United States, 205 F.R.D. 102, 104 (E.D.N.Y. 2001), the Eastern District applied E.D.N.Y. Local Rule 50.3 to hold that an action seeking compensation for injuries inflicted by Nazis had been improperly designated as related to a case seeking compensation for injuries from Agent Orange, and directed that it be reassigned to a randomly selected judge. There, the plaintiffs designated the case as related to another action "because of a similar legal issue raised in both litigations—whether a settlement of a class action can be collaterally attacked." Id. The Eastern District held that the case was not related to the Agent Orange cases because "[s]imilar

4

legal issues alone will generally not support assignment to the same judge." Id.; see *also* Ligon v. City of New York, 736 F.3d 118, 125-26 (2d Cir. 2013) (noting in other circumstances that "the appearance of impartiality [was] compromised" by a judge improperly taking on a case as related).

Applying a similar rule, the District of Columbia held that two cases were not related for purposes of judicial assignment in Committee on Judiciary v. McGahn, 391 F. Supp. 3d 116, 122 (D.D.C. 2019). There, the House Judiciary Committee filed a complaint seeking testimony from Donald McGahn, former White House Counsel, in connection with its investigation to determine whether to recommend articles of impeachment against President Donald Trump. Id. at 117. The Committee designated the case as related to another case in which the Committee had sought the release of grand jury materials for its impeachment investigation. In support of relatedness, the Committee argued that both cases concerned the same Committee investigation being conducted pursuant to the same legal authorities and for the same purpose of obtaining evidence to assess articles of impeachment. Id. at 119.

The court rejected this argument for three reasons. First, the court held that the two cases did not involve common issues of fact. The McGahn subpoena case was a congressional subpoena enforcement action raising various issues involving immunity, privilege, and waiver, while the prior case was an ancillary grand jury action requesting release of criminal grand jury materials. Second, the two actions implicated different types of evidence. And third, the McGahn subpoena case and grand jury case did not grow out of the same event or transaction. The subpoena case arose out of the Committee's effort to enforce a congressional subpoena while the grand jury case grew out of the Committee's efforts to obtain grand jury materials. Id. at 120.

Other courts have routinely randomly reassigned cases that were improperly designated as related to earlier filed case. See Tripp v. Executive Office of the President, 196 F.R.D. 201, 203 (D.D.C. 2000) (holding that related case designation was not justified where only an overlap of discovery created the appearance of commonality between the cases); J&K Prods., LLC v. Small Business Administration, Case No. 21-3227, 2022 WL 703835, at *4 (D.D.C. March 9, 2022) (three separate lawsuit challenging agency's denial of grant applications did not involve common property or common facts and thus were not "related cases"); Rite-Aid Corp. v. American Exp. Travel Related Servs. Co., Inc., 2008 WL 3155063, at *5 (E.D.N.Y. Aug. 4, 2008) (holding that although two cases had some common plaintiffs and involved antitrust claims relating to payment cards, the cases involved different factual and legal issues and were thus not related).

Under the principles espoused in these prior authorities, the instant litigation is not "related" to the Christian litigation. While the two cases share superficial similarities (both involve Second Amendment challenges to portions of New York's newly enacted firearm statutes), they are ultimately not related for purposes of Local Rule 5.1(e) because they challenge entirely different aspects of New York's laws.[3]

The substantive analyses will also therefore be different. As this Court is aware, under NYSRPA v. Bruen, 142 S. Ct. 2111 (2022), a restriction on the constitutionally protected carrying of firearms will comport with the Second Amendment if it is "consistent with this Nation's historical tradition of firearm regulation," Bruen, 142 S. Ct. at 2126, or "relevantly similar" to historical precursors, id. at 2132. Under this test, this Court will need to compare modern regulations restricting the right to carry firearms to historical analogues. This

---

[3] Additionally, the mere fact that this litigation and the Christian litigation have the same institutional plaintiffs is not sufficient for a relatedness designation. See E.D.N.Y. Local Rule 50.3.1.

6

comparative analysis will be different in this case than in Christian. Here, the Court will be tasked with reviewing historical restrictions relevant to carrying firearms in places of worship and similar locations. Conversely, in Christian, the Court will be tasked with reviewing historical analogues concerning public transportation, parks, and private property. And the analyses of why New York's current provisions favorably compare (or, as plaintiffs contend, unfavorably compare) to their legislative ancestors will necessarily be site- and case-specific. Because of the lack of overlap in this analysis, having a single judge determine both cases will not result in a significant saving of judicial time and resources.

Accordingly, the Court should hold that the instant litigation is not related to Christian and have this case reassigned pursuant to the Western District of New York's normal random judicial assignment procedures.[4]

## CONCLUSION

For the foregoing reasons, the Court should grant the State's motion and randomly reassign this case pursuant to the Western District's standard judicial assignment procedures.

Dated:  October 19, 2022
Buffalo, New York

                LETITIA JAMES
                Attorney General of the State of New York
                Attorney for Defendant
                BY: /s/ *Ryan L. Belka*
                  Ryan L. Belka
                Assistant Attorney General of Counsel
                Main Place Tower, Suite 300A
                350 Main Street
                Buffalo, NY 14202
                (716) 853-8440
                Ryan.Belka@ag.ny.gov

---

[4] The State's objection is not to the assignment of any specific judge, but rather to the Plaintiffs' misuse of the related case rule. If the same judge is assigned to this litigation pursuant to the Western District's standard random judicial assignment procedures, the State will have no objection.