UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JIMMIE HARDAWAY, JR., <br> LARRY A. BOYD, <br> FIREARMS POLICY COALITION, INC., <br> SECOND AMENDMENT FOUNDATION, <br><br> Plaintiffs, <br><br> vs. <br><br> STEVEN A. NIGRELLI, in his official capacity as Superintendent of the New York State Police, BRIAN D. SEAMAN, in his official capacity as District Attorney for the County of Niagara, New York, and JOHN J. FLYNN, in his official capacity as District Attorney for the County of Erie, New York, <br><br> Defendants. | **AFFIDAVIT** <br><br> Civil Action No.: <br> 1:22-cv-00771-JLS |

---

State of New York   )
County of Erie      ) s.s.:
City of Buffalo     )

　　　　Brian P. Crosby, Esq., being duly sworn, deposes and states as follows:

　　　　1.　　I am an attorney duly licensed to practice law in the Courts of the State of New York, and I am admitted to practice before the United States District Court for the Western District of New York. I am a partner with the law firm of Gibson, McAskill & Crosby, LLP, co-counsel with Niagara County Attorney Claude A. Joerg, Esq. for defendant, Brian D. Seaman, in his official capacity as District Attorney for the County of Niagara, New York (hereinafter referred to as "Niagara County District Attorney Seaman").

　　　　2.　　I submit this affidavit in response to the application for a preliminary injunction filed by plaintiffs, Jimmie Hardaway, Jr., Larry A. Boyd, Firearms Policy Coalition, Inc., and

Second Amendment Foundation (hereinafter referred to collectively as "Plaintiffs") [Docket No. 9], and in accordance with this Court's Decision and Order issued in connection with Plaintiffs' application for a temporary restraining order. [Docket No. 35].

3. Along with this affidavit, Niagara County District Attorney Seaman submits concurrently herewith the declaration of Claude A. Joerg, dated October 27, 2022 (hereinafter referred to as the "Joerg Declaration").

**RELEVANT PROCEDURAL HISTORY**

4. On October 13, 2022, Plaintiffs filed a Complaint with the Clerk of this Court setting forth one claim as against defendants grounded in 42 U.S.C. § 1983 and seeking: (1) a declaratory judgment that New York Penal Law § 265.01-e(2)(c) infringes upon Plaintiffs' rights to bear arms protected under the Second and Fourteenth Amendments to the United States Constitution and is thus devoid of any legal force or effect; (2) injunctive relief restraining defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of the injunction, from enforcing New York Penal Law § 265.01-e(2)(c), and their regulations, policies, and practices implanting it; (3) Plaintiffs' attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable law; and (4) all other and further legal and equitable relief, including injunctive relief, against defendants as necessary to effectuate the Court's judgment, and/or as the Court otherwise deems just and equitable. [Docket No. 1 at pp. 21-23].

5. On October 14, 2022, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction. [Docket No. 9].

6. On that same date, Plaintiffs filed a motion to expedite the hearing on their application for a temporary restraining order. [Docket No. 10].

7.    On October 15, 2022, this Court issued a text order granting the motion to expedite the hearing on Plaintiffs' application for a temporary restraining order and setting that hearing for October 20, 2022.  [Docket No. 11].

8.    On October 19, 2022, co-defendant, John J. Flynn, in his official capacity as District Attorney for the County of Erie, New York (hereinafter referred to as "Erie County District Attorney Flynn"), served his response to Plaintiffs' application for a temporary restraining order. [Docket No. 25].

9.    On that same date, Niagara County District Attorney Seaman served his response to Plaintiffs' application for a temporary restraining order.  [Docket No. 27].

10.   Also on that date, co-defendant, Kevin P. Bruen, in his official capacity as Superintendent of the New York State Police[1], served his opposition to Plaintiffs' application for a temporary restraining order.  [Docket No. 28].

11.   On October 20, 2022, Plaintiffs filed reply papers in further support of their application for a temporary restraining order.  [Docket No. 31].

12.   On that same date, this Court heard oral argument in connection with Plaintiffs' application for a temporary restraining order and issued its Decision and Order.  [Docket No. 35].

13.   In its Decision and Order, this Court granted Plaintiffs' motion and ordered that defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this temporary restraining order, are enjoined, effective immediately, from enforcing all of N.Y. Pen. L. § 265.01-e(2)(c) (places of worship or religious observation), and their regulations, policies, and practices implanting it.  [*Id.* at p. 40].

---

[1] Under Federal Rule of Civil Procedure 25(d), Steven A. Nigrelli, acting Superintendent of the New York State Police, was substituted in the place of defendant, Kevin P. Bruen, who resigned effective October 19, 2022.

14. The Decision and Order directs that the temporary restraining order will remain in effect through the disposition of Plaintiffs' motion for preliminary injunction, the application for which was scheduled for a hearing on November 3, 2022. [*Id.*].

## ARGUMENT

15. Inasmuch as Niagara County District Attorney Seaman is sworn to uphold and enforce the laws of the State of New York and considering the significant constitutional challenge as to the validity of New York Penal Law § 265.01-e(2)(c)(places of worship) that has been raised in this lawsuit, it is his position that enforcement of this provision should be stayed until a judicial determination is made as to the statute's enforceability and constitutionality.

16. As is clear from the Joerg Declaration, Niagara County District Attorney Seaman does not oppose entry of a preliminary injunction for the purpose of furthering a judicial determination as to the constitutionality of New York Penal Law § 265.01-e(2)(c)(places of worship).

17. Niagara County District Attorney Seaman does object, however, to any adverse assessment of attorneys' fees insofar as neither he nor his staff have taken any action to enforce New York Penal Law § 265.01-e(2)(c), and he was not personally involved in the enactment of the challenged statute.

*s/Brian P. Crosby*
Brian P. Crosby, Esq.

Sworn to before me
this  27th  day of October, 2022.

*s/Stephanie M. Richbart*
Notary Public

> STEPHANIE M. RICHBART
> Notary Public, State of New York
> Qualified in Niagara County
> My Commission Expires March 4, 2026