UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JIMMIE HARDAWAY, JR.,<br>LARRY A. BOYD,<br>FIREARMS POLICY COALITION, INC.,<br>SECOND AMENDMENT FOUNDATION,<br><br>     Plaintiffs,<br><br>vs.<br><br>STEVEN A. NIGRELLI, in his official capacity as<br>Superintendent of the New York State Police,<br>BRIAN D. SEAMAN, in his official capacity<br>as District Attorney for the County of<br>Niagara, New York, and<br>JOHN J. FLYNN, in his official capacity as<br>District Attorney for the County of Erie, New York,<br><br>     Defendants. | **DECLARATION**<br><br>Civil Action No.:<br>1:22-cv-00771-JLS |

---

  Claude A. Joerg, Esq., being an attorney duly admitted to practice before this Court, hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the following statements are true and correct:

  1.  I am currently serving as the Niagara County Attorney, and in this capacity, I am representing defendant, Brian D. Seaman, in his official capacity as District Attorney for the County of Niagara, New York (hereinafter referred to as "Niagara County District Attorney Seaman"), along with the law firm of Gibson, McAskill & Crosby, LLP, which I have retained as co-counsel.

  2.  I have reviewed the complaint filed by plaintiffs, Jimmie Hardaway, Jr., Larry A. Boyd, Firearms Policy Coalition, Inc., and Second Amendment Foundation (hereinafter referred to collectively as "Plaintiffs"), and their application for a preliminary injunction seeking to enjoin

defendants, including Niagara County District Attorney Seaman, as well as their officers, agents, servants, employees, and all persons in concert or participation with them from enforcing New York Penal Law § 265.01-e(2)(c)(places of worship), and regulations, policies, and practices implementing it.  [Docket Nos. 1, 9].

3. I am aware that, on October 20, 2022, this Court issued a temporary restraining order providing the same relief sought in Plaintiffs' application for a preliminary injunction, which is in effect until a decision is issued by this Court in connection with Plaintiffs' application for a preliminary injunction.  [Docket No. 35].

4. Prior to issuance of the temporary restraining order, neither any of the assistant district attorneys working in the Niagara County District Attorney's Office nor Niagara County District Attorney Seaman had any occasion to enforce New York Penal Law § 265.01-e(2)(c)(places of worship), effective September 1, 2022.  Since issuance of the temporary restraining order, Niagara County District Attorney Seaman and his staff have complied with its terms.

5. Niagara County District Attorney Seaman and the County of Niagara are aware the constitutionality of New York Penal Law § 265.01-e is being challenged, in whole or in part, in several federal courts in New York State.  Specifically, Niagara County District Attorney Seaman has been named as a defendant in this lawsuit challenging New York Penal Law § 265.01-e(2)(c)(places of worship).

6. Further, the Niagara County Legislature passed a resolution on September 13, 2022 in opposition to the actions taken by the State of New York restricting Second Amendment rights, wherein it expressed a commitment to "pursuing all legislative and legal remedies, either alone or

in concert with other like-minded counties and organizations, to overturn this assault on our Constitutional rights". [Docket No. 27-2].

7. Pursuant to New York County Law § 700, Niagara County District Attorney Seaman is responsible to "conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he ** shall have been elected".  N.Y. COUNTY LAW § 700(1)(McKinney).

8. In consideration of the substantial constitutional challenges being raised to this statute, Niagara County District Attorney Seaman believes it would be inconsistent to mandate enforcement of this section of the statute until there is a final judicial determination as to its constitutionality and enforceability.  Accordingly, Niagara County District Attorney Seaman does not object to issuance of a preliminary injunction.

9. Inasmuch as there has been no action taken to date by Niagara County District Attorney Seaman to enforce this provision of the New York Penal Law and he was not personally involved in the enactment of the challenged statute, Niagara County District Attorney Seaman respectfully objects to any adverse assessment of attorneys' fees.

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed: October 27, 2022

*s/Claude A. Joerg*
Claude A. Joerg, Esq.
Niagara County Attorney
*Attorneys for Defendant*
*Brian D. Seaman, in his official capacity as District Attorney for the County of Niagara, New York*
175 Hawley Street
Lockport, New York 14094
Telephone:  (716) 439-7105