UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JIMMIE HARDAWAY, JR., LARRY A. BOYD,
FIREARMS POLICY COALITION, INC., and
SECOND AMENDMENT FOUNDATION,

Plaintiffs,

v.                                                          ANSWER WITH JURY DEMAND

KEVIN P. BRUEN, in his official capacity as                 **Case #: 1:22-cv-00771-JLS**
Superintendent of the New York State Police,
BRIAN D. SEAMAN, in his official capacity
as District Attorney for the County of Niagara,
New York, and JOHN J. FLYNN, in his offi-
cial capacity as District Attorney for the County
of Erie, New York,

Defendants.

---

Defendant, JOHN J. FLYNN, in his official capacity as District Attorney for the County

of Erie, New York, as and for his Answer with Jury Demand, by his attorney, Erie County Attor-

ney JEREMY C. TOTH, ESQ. (Assistant Erie County Attorney Kenneth R. Kirby, Esq., of

Counsel), upon information and belief alleges as follows:

## INTRODUCTION

1.        Responding to paragraphs 1, 3, and 5 of the Introduction, this Answering

Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the said paragraphs and objects that each such paragraph demands a legal conclusion or conclu-

sions that this Answering Defendant is not required to make.

2.        Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of paragraphs 2, 4, 6, and 7 of the Introduction.

## PARTIES

3.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 8, 9, 10, 11, 13, 14, 15, and 16,

4.     Responding to paragraph 12 of "Parties," this Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the said paragraph and objects that the said paragraph demands a legal conclusion or conclusions that this Answering Defendant is not required to make.

5.     Responding to paragraph 17, this Answering Defendant admits that he is the Erie County District Attorney and that his official address is 25 Delaware Avenue, Buffalo, New York 14202 and that he "is being sued in his official capacity." Otherwise, this Answering Defendant clarifies that he is "the prosecutorial officer with the responsibility to conduct all [criminal] prosecutions [in Erie County] * * * " of persons charged with, or, indicted for committing crimes, offenses, and/or violations in contravention of the provisions of the New York Penal Law.

## JURISDICTION AND VENUE

6.     Responding to paragraphs 18, 19, and 20 of the "Jurisdiction and Venue," this Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the said paragraphs and objects that each such paragraph demands a legal conclusion or conclusions that this Answering Defendant is not required to make.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

### *Second Amendment*

7.     Responding to paragraphs 21, 22, 23, and 24 of "Facts and Allegations Common to All Claims – *Second Amendment*," this Answering Defendant lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the said paragraphs and objects that each such paragraph demands a legal conclusion or conclusions that this Answering Defendant is not required to make.

### *New York's Regulatory Scheme*

8.    Responding to paragraphs 25, 26, 27, 28, 31(a-t), and 32 of "Facts and Allegations Common to All Claims – *New York's Regulatory Scheme*," this Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the said paragraphs and objects that each such paragraph demands a legal conclusion or conclu-sions that this Answering Defendant is not required to make.

9.    Responding to paragraph 29 of "Facts and Allegations Common to All Claims – *New York's Regulatory Scheme*," denies that to this date this Answering Defendant has had cause to "enforce[]" the provisions of "New York's regulatory scheme," and otherwise objects that the said paragraph demands a legal conclusion or conclusions that this Answering Defendant is not required to make.

10.    Responding to paragraph 30 of "Facts and Allegations Common to All Claims – *New York's Regulatory Scheme*," this Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of this paragraphs and objects that this paragraph improperly requires this Answering Defendant to speculate about the motives or intentions of the New York Legislature in enacting S51001 and about the motives or intentions of New York Governor Hochul in signing S51001 into law.

### *The Challenged Place of Worship Ban*

11.    Responding to paragraphs 33 and 33(a-e) of "Facts and Allegations Common to

All Claims – *The Challenged Place of Worship Ban*," this Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the said paragraphs and objects that each such paragraph demands a legal conclusion or conclusions that this Answering Defendant is not required to make.

12.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 34, 35, 36, 37, 38, and 39.

## COUNT ONE

**DEPRIVATION OF CIVIL RIGHTS RIGHT TO KEEP AND BEAR ARMS US. CONST., AMENDS. Ii AND XIV**
**(42 U.S.C. §1983)**

13.    Responding to paragraph 40, this Answering Defendant repeats and re-alleges his foregoing responses to paragraphs 1-39 of the Complaint with the same full force and effect as if more fully set forth herein.

14.    Denies paragraphs 41, 42, 46, and 47.

15.    Responding to paragraph 43, this Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the said paragraph and objects that the said paragraph demands a legal conclusion or conclusions that this Answering Defendant is not required to make.

16.    Responding to paragraph 44, this Answering Defendant states that since he did not enact S51001 into law, he is not required to "'identify an American tradition' of firearm regulation 'juistifying' the Place of Worship Ban. [citation omitted]." Otherwise, this Answering Defendant denies paragraph 44 insofar as its allegations are directed against him.

4

17.     Responding to paragraph 45, this Answering Defendant (i) observes that in paragraph 12 of their own Complaint, the plaintiffs, "FPC [Firearms Policy Coalition, Inc.] and SAF [Second Amendment Foundation]," themselves, "recognize[d] that 'it is the law of this Circuit that an organization does not have standing to assert the rights of its members in a case brought under 42 U.S.C. §1983." [citing, *Nnebe v. Daus*, 644 F.3d 147, 156 {2d Cir. 2011}]; and (ii) objects that paragraph 45 demands a legal conclusion that this Answering Defendant is not required to make.

**PRAYER FOR RELIEF**

18.     Denies that as against this Answering Defendant, Plaintiffs are entitled to any of the relief demanded in paragraphs numbered 1-4 of the Prayer for Relief.

**OMNIBUS DENIAL**

19.     Denies all allegations of the Complaint not heretofore responded to.

**DEFENSES:**

**AS AND FOR A FIRST DEFENSE:**

20     Service of process upon Defendant, Flynn, was insufficient.

**AS AND FOR SECOND DEFENSE:**

21.     Personal jurisdiction is lacking over Defendant, Flynn.

**AS AND FOR A THIRD DEFENSE:**

22.     Insofar as it is alleged by Plaintiffs (see ¶¶17, 42, Complaint) and/or insofar as

such is the circumstance, to the fullest extent that Defendant, Flynn, in his capacity as District Attorney for Erie County, is charged with and/or obligated to enforce the laws duly enacted into law by the New York State Legislature, and, in this instance, most particularly, Chapter 371 of the Year 2022 of the Laws of the State of New York (see, also, ¶5, *supra*), upon information and belief he acts as an agent of the State of New York and, hence, pursuant to the Eleventh Amendment to the United States Constitution, this Court lacks subject matter jurisdiction over the within action.

### AS AND FOR A FOURTH DEFENSE:

23.     Insofar as it is alleged by Plaintiffs (see ¶¶17, 42, Complaint) and/or insofar as such is the circumstance, to the fullest extent that Defendant, Flynn, in his capacity as District Attorney for  Erie County, may be charged with and/or may be obligated to enforce the laws duly enacted by the New York State Legislature, and, in this instance, most specifically, Chapter 371 of the Year 2022 of the Laws of the State of New York (see, also, ¶5, *supra*), upon information and belief he acts as an agent of the State of New York and or the People thereof and, hence, pursuant to the Elev-enth Amendment to the United States Constitution, this action cannot be maintained against him.

### AS AND FOR A FIFTH DEFENSE:

24.     The Plaintiffs have failed to join as defendants party(ies) who, or which, are indispensable to this action and/or in whose absence complete justice cannot be administered.

### AS AND FOR A SIXTH DEFENSE:

25.     The Plaintiffs have failed to join as defendants party(ies) who, or which, are

indispensable to this action and/or who, or which, stand to be inequitably affected if the relief prayed for in the Plaintiffs' Prayer for Relief is granted.

## AS AND FOR A SEVENTH DEFENSE:

26.     Inasmuch as Defendant, Flynn, did not enact into law Chapter 371 of the Year 2022 of the Laws of the State of New York, all of the relief demanded in paragraphs 1-4 of the Prayer for Relief is improperly and inappropriately prayed for as against Defendant, Flynn. Hence, the relief demanded in each, or any, of the foregoing paragraphs of the Prayer for Relief cannot be granted as against Defendant, Flynn.

## AS AND FOR AN EIGHTH DEFENSE:

27.     Inasmuch as Defendant, Flynn, did not enact into law Chapter 371 of the Year 2022 of the Laws of the State of New York – the enactment into law of which by the New York State Legislature with New York Governor Hochul's approval the Plaintiffs complain, the Plaintiffs are not entitled, under 42 U.S.C. §1988 or any other provision of law, to an award of their costs and attorneys' fees, incurred by them in bringing this action" as against Defendant, Flynn, as such relief is prayed for in paragraph 3 of the Prayer for Relief.

## AS AND FOR A NINTH DEFENSE:

28.     Insofar as the Complaint reasonably may, or might, be construed as asserting a claim not against Defendant, Flynn, but, rather or additionally, against the Erie County District Attorney's Office, it fails to state a claim upon which relief can be granted because the Erie County Sheriff's Office, being a mere department, office, or subdivision of the municipal corporation known as the County of Erie, is not a legal entity susceptible of being independently sued.

## AS AND FOR A TENTH DEFENSE:

29.     Insofar as the Complaint reasonably may, or might, be construed as asserting a

claim not only against Defendant, Garcia, but, rather or additionally, against either (i) the Erie

County District Attorney's Office and/or (ii) persons employed within the Erie County District

Attonrey's Office  (see, in this latter regard, ¶2, Praywe for Relief), it fails to state a claim upon

which relief can be granted as against Defendant, Flynn, because Section 54 of the County Law

of the State of New York provides as follows:

> *No head of any agency, department, bureau, or office of a county[1] shall be liable*
> *to respond in damages to the county or to any other person for any act or omission of any*
> *employee of the county employed within the agency, department, bureau, or office of*
> *which he is such head.*  Any lawful claims which but for this section would be claims
> against such head of an agency, department, bureau, or office shall be lawful claims
> against the county and shall be deemed to the liability of the county.  Nothing contained
> herein, however, shall be deemed to relieve the head of any agency, department, bureau,
> or office of liability to the county or to any other person for his own act or omission to
> act, nor be deemed to impose any new liability upon the county for any act or omission of
> such head of any agency, department, bureau, or office to which the county was not law-
> fully subject prior to the taking effect of this act.

(*Italics* supplied.)

## AS AND FOR AN ELFVENTH DEFENSE:

30.     Defendant, Flynn, is not a proper party defendant herein.

## AS AND FOR A TWELFTH DEFENSE:

31.     Plaintiffs have failed to join as parties-defendants parties which, or who, are

indispensable parties to this action, to-wit, the State of New York, the New York Legislature, the

enactor of the challenged legislation, and/or the Governor of the State of New York, Kathleen

---

[1] Such as Defendant, Garcia, is.

Hochul, who signed the challenged legislation into law, int the absence of which, or whom, (i) complete relief cannot be afforded as among the parties, and (ii) this action cannot proceed.

## AS AND FOR A THIRTEENTH DEFENSE:

32.     Paragraph 31 is re-alleged with the same full force and effect as if more fully set forth herein.

33.     Because, under the Eleventh Amendment to the United States Constitution, it is not feasible for the State of New York and/or the New York Legislature (or members thereof) and/or New York Governor Hochul to be joined as parties-defendants, this action must be dismissed.

## AS AND FOR A FOURTEENTH DEFENSE:

34.     As against Defendant, Flynn, the Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A FIFTEENTH DEFENSE:

35.     Plaintiff, Jimmie Hardaway, Jr., lacks standing to bring the within action.

## AS AND FOR A SIXTEENTH DEFENSE;

36.     Plaintiff, Larry A. Boyd, lacks standing to bring the within action.

## AS AND FOR A SEVENTEENTH DEFENSE:

37.     Plaintiff, Firearms Policy Coalition, Inc., lacks standing to bring the within action.

## AS AND FOR AN EIGHTEENTH DEFENSE:

38.     Plaintiff, Second Amendment Foundation, lacks standing to bring the within

action.

### AS AND FOR A NINETEENTH DEFENSE:

39.     The within action is barred by the Tenth Amendment to the United States Constitution.

### AS AND FOR A TWENTIETH DEFENSE:

40.     The Complaint does not state a claim upon which a declaratory judgment may properly be granted as against this Answering Defendant.

### AS AND FOR A TWENTY-FIRST DEFENSE:

41.     The Complaint does not state a claim upon which injunctive relief, or, a Temporary Restraining Order may properly be granted as against this Answering Defendant.

### AS AND FOR A TWENTY-SECOND DEFENSE:

42.     Inasmuch as this Answering Defendant, in his official capacity only, has been named as a party defendant herein because under the laws of the State of New York, he, as District Attorney for the County of Erie, is, according to the Plaintiffs, "the prosecutorial officer with the responsibility[2] to conduct all prosecutions for crimes and offenses * * * " (¶17, Complaint), the within action is barred by, and/or cannot be maintained as against him by rea-son of the provisions of the Eleventh Amendment to the United States Constitution.  See also, ¶5, *supra*, the allegations of which are incorporated herein by reference.

---

[2] In Erie County.

## AS AND FOR A TWENTY-THIRD DEFENSE:

43.     The within action is, otherwise, barred by the Eleventh Amendment to the United States Constitution.

## AS AND FOR A TWENTY-FOURTH DEFENSE:

44.     This Court has not subject matter jurisdiction of the within action.

## AS AND FOR A TWENTY-FIFTH DEFENSE:

45.     Plaintiff, Firearms Policy Coalition, Inc., does not seek any legally cognizable damages, for which reason it is without standing to maintain this action.

## AS AND FOR A TWENTY-SIXTH DEFENSE

46.     Plaintiff, Second Amendment Foundation, does not seek any legally cognizable damages, for which reason it is without standing to maintain this action.

## AS AND FOR A TWENTY-SEVENTH DEFENSE:

47.     As against this Answering Defendant, this action was not properly commenced within the time limited by law.

## DEMAND FOR A JURY TRIAL OF ALL ISSUES

48.     Defendant, Flynn, demands a jury trial of all issues herein.

**WHEREFORE**, Defendant, JOHN J. FLYNN, in his official capacity as District Attorney for Erie County, demands judgment dismissing the Amended Complaint as against him, together with the costs and disbursements of this action.

**DATED:**     Buffalo, New York
              November 4, 2022

                              **Yours, etc.,**

                              **JEREMY C. TOTH, ESQ.**
                              Erie County Attorney
                              Attorney for Defendant, JOHN J. FLYNN,
                              in his official capacity as District Attorney for Erie
                              County
                                  By: <u>Kenneth R. Kirby, Esq.</u>
                                      KENNETH R. KIRBY, ESQ
                                      Ass't. Erie Co. Att'y., of Counsel
                                  <u>Office & P. O. Address</u>:
                                  Erie County Department of Law
                                  95 Franklin Street, Room 1634
                                  Buffalo, New York 14202
                                  Tel: (716)858-2226
                                  Email: <u>Kenneth.kirby@erie.gov</u>


To:    PHILLIPS LYTLE LLP
       Nicolas J. Rotsko, Jr., of Counsel
       Attorneys for Plaintiffs
       <u>Office & P. O. Address</u>:
       One Canalside
       125 Main Street
       Buffalo, New York 14203-2887
       Tel: (716)847-5467
       Email: <u>NRotsko@philipslytle.com</u>

       David H. Thompsoi, Esq., appearing *pro hac vice*
       Peter A. Patterson, Esq., appearing *pro hac vice*
       John W. Tienken, Esq., appearing *pro hac vice*
       COOPER & KIRK, PLLC
       Co-Attorneys for Plaintiffs
       <u>Office & P. O. Address</u>
       1523 New Hampshire Avenue, N.W.
       Washington, D.C. 20036
       Tel: (202)220-9600
       Email: <u>dthompson@cooperirk.com</u>
       Email: <u>ppaterson@cooperkirk.com</u>
       Email: <u>jtienken@cooperkirk.com</u>

LATETIA JAMES, ESQ.
New York Attorney General
Kathleen M. Kaczor, Esq.
Assistant Attorney General, of Counsel
Attorneys for Co-defendant, KEVIN P. BRUEN,
in his official capacity as Superintendent of the
New York State Police
Office & P. O. Address:
New York State Attorney General
Buffalo Regional Office
Main Place Tower
350 Main Street, Suite 300A
Buffalo, New York 14202-3750
Tel: (716)853-8485
Email: Kathleen.Kaczor@ag.ny.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2022 I electronically filed with the clerk of District Court using its CM/ECF system, and on the same date the court's CM/ECF system caused to be (electronically) served the foregoing to the following CM/ECF participants at the following (email) addresses:

LATETIA JAMES, ESQ.
New York Attorney General
Kathleen M. Kaczor, Esq.
Assistant Attorney General, of Counsel
Attorneys for Co-defendant, KEVIN P. BRUEN, in his official capacity as
Superintendent of the New York State Police
Office & P. O. Address:
New York State Attorney General
Buffalo Regional Office
Main Place Tower
350 Main Street, Suite 300A
Buffalo, New York 14202-3750Tel: (716)853-8485
Email: Kathleen.Kaczor@ag.ny.gov

PHILLIPS LYTLE LLP
Nicolas J. Rotsko, Jr., of Counsel
Attorneys for Plaintiffs
Office & P. O. Address:
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Tel: (716)847-5467
Email: NRotsko@philipslytle.com

David H. Thompson, Esq., appearing *pro hac vice*
Peter A. Patterson, Esq., appearing *pro hac vice*
John W. Tienken, Esq., appearing *pro hac vice*
COOPER & KIRK, PLLC
Co-Attorneys for Plaintiff
Office & P. O. Address
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202)220-9600
Email: dthompson@cooperirk.com
Email: ppaterson@cooperkirk.com
Email: jtienken@cooperkirk.com

**Dated**:     Buffalo, New York
              November 4, 2022