UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JIMMIE HARDAWAY, JR.,
LARRY A. BOYD,
FIREARMS POLICY COALITION, INC.,
SECOND AMENDMENT FOUNDATION,

          Plaintiffs,

v.

STEVEN A. NIGRELLI, in his official capacity
As Superintendent of the New York State Police,
BRIAN D. SEAMAN, in his official capacity
As District Attorney for the County of Niagara,
New York,
JOHN J. FLYNN, in his official capacity as
District Attorney for the County of Erie, New York,

          Defendants.

**ANSWER**

**JURY TRIAL DEMANDED**

Civil Case No.: 22-CV-00771-JLS

---

Defendant, BRIAN D. SEAMAN, (hereinafter referred to as "Defendant"), by and through his attorneys, GIBSON, McASKILL & CROSBY, LLP, for his Answer to the Complaint of plaintiffs, JIMMIE HARDAWAY, JR., LARRY A. BOYD, FIREARMS POLICY COALITION, INC., and SECOND AMENDMENT FOUNDATION (hereinafter referred to collectively as "Plaintiffs"), herein:

## INTRODUCTION

1. The allegations contained in paragraph 1 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent an answer is required, Defendant respectfully refers this Court to the U.S. Constitution and to the case law cited in this paragraph for the full contents therein.

2.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 2, of Plaintiffs' Complaint.

3.  The allegations contained in paragraph 3 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent an answer is required, Defendant respectfully refers this Court to the case law cited in this paragraph for the full contents therein.

4.  The allegations contained in paragraphs 4 and 6 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent an answer is required, Defendant respectfully refers this Court to New York Senate Bill S51001 for the full contents therein.

5.  The allegations contained in paragraph 5 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent an answer is required, Defendant respectfully refers this Court to New York Senate Bill S51001 and to the case law and media articles cited in this paragraph for the full contents therein.

6.  The allegations contained in paragraph 7 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

**PARTIES**

7.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 8, 9, 10, 11, 13, 14, 15, 17 of Plaintiffs' Complaint.

8.  The allegations contained in paragraphs 12 and 20 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. If, and to the extent responses are deemed to be required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in these paragraphs.

9. With respect to the allegations contained in paragraph 16, Defendant admits that he is the Niagara County District Attorney and has an office located at 175 Hawley Street in Lockport, New York, and denies any allegations inconsistent therewith.

10. The allegations contained in paragraph 18 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent an answer is required, Defendant respectfully refers this Court to 28 U.S.C. §§ 1331 and 1343 for the full contents therein.

11. The allegations contained in paragraph 19 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. If, and to the extent responses are deemed to be required, Defendant denies the allegations contained in this paragraph.

## ALLEGATIONS

12. The allegations contained in paragraph 21, 22, 23, 24 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent an answer is required, Defendant respectfully refers this Court to the case law cited in these paragraphs for the full contents therein.

13. The allegations contained in paragraph 25, 32 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent an answer is required, Defendant respectfully refers this Court to the New York Penal Law for the full contents therein.

14. The allegations contained in paragraphs 26, 28, 29, 30, 31, 31a, 31b, 31c, 31d, 31e, 31f, 31g, 31h, 31i, 31j, 31k, 31l, 31m, 31n, 31o, 31p, 31q, 31r, 31s, and 31t of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent an answer is required, Defendant respectfully refers this Court to New York Senate Bill S51001 for the full contents therein.

15. The allegations contained in paragraph 27 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent an answer is required,

Defendant respectfully refers this Court to New York Senate Bill S51001 and N.Y. Penal Law for the full contents therein.

16. The allegations contained in paragraphs 33, 33a, 33b, 33c, 33d, 33e, of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent an answer is required, Defendant respectfully refers this Court to the New York Penal Law and to the case law cited in these paragraphs for the full contents therein.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 34, 35, 36, 37, 38 and 43 of Plaintiffs' Complaint.

18. The allegations contained in paragraph 39 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent an answer is required, Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph and respectfully refers this Court to New York Senate Bill S51001 for the full contents therein.

19. With respect to the allegations contained in paragraph 40, Defendant repeats and realleges each and every response contained herein as if repeated in full.

20. Defendant denies the allegations contained in paragraphs 41, 44, 46 and 47.

21. With respect to the allegations contained in paragraph 42, Defendant admits that he is required to enforce the laws of the State of New York in his role as District Attorney, and denies any allegations contained in this paragraph inconsistent therewith.

22. The allegations contained in paragraph 45 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent an answer is required, Defendant respectfully refers this Court to 42 U.S.C. § 1983 for the full contents therein.

23. Denies each and every other allegation not heretofore specifically admitted, denied or otherwise controverted.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

24. Although Defendant does not dispute that New York Senate Bill S51001 and/or New York Penal Law §265.01-e is unconstitutional, in whole or in part, Defendant, as acting District Attorney for the County of Niagara, is required to enforce this law unless an ultimate determination is made that this law is unconstitutional. Therefore, Defendant supports an evaluation as to the constitutionality of New York's Concealed Carry Improvement Act and/or New York Penal Law §265.01-e.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

25. Although Defendant does not dispute that New York Senate Bill S51001 and New York Penal Law §265.01-e is unconstitutional, in whole or in part, there has been no enforcement of New York's Concealed Carry Improvement Act to date in Niagara County. In the event Defendant is obligated to enforce said law and it is subsequently determined to be unconstitutional, Defendant and/or Niagara County may be subject to suit for damages under 42 U.S.C. §1983. As Defendant or Niagara County did not draft or enact into law New York Senate Bill S51001 or New York Penal Law § 265.01-e, the relief demanded in Plaintiffs' Complaint is improperly and inappropriately prayed for as against this Defendant.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

26. Plaintiffs' Complaint fails to state a claim upon which relief may be granted as against this Defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

27. Plaintiffs' claims and/or causes of action are barred, in whole or in part, because Defendant is immune from suit under the doctrines of absolute and/or qualified immunity and/or under the Eleventh Amendment of the United States Constitution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28. Plaintiffs, Firearms Policy Coalition, Inc. and Second Amendment Foundation, lack standing to maintain and commence the instant action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

29. Plaintiffs have failed to name any and all necessary and indispensable parties to this action as required under Rule 19 of the Federal Rules of Civil Procedures. Specifically, Plaintiffs have failed to join as defendants the State of New York, the New York State Legislature, and Kathleen Hochul, the Governor of the State of New York, in the absence of which complete relief cannot be afforded as among the parties and this action cannot proceed.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

30. Inasmuch as New York Senate Bill S51001 and New York Penal Law § 265.01-e were passed by the New York Legislature and signed into law by the governor of New York without the involvement of or consultation with the Niagara County Legislature or the Niagara County District Attorney, any costs, expenses, fees or judgments incurred in the defense or resolution of this action should be borne by the State of New York, and/or its agencies or agents and not Defendant.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

31. Plaintiffs' claims are barred by the doctrines of collateral estoppel and res judicata.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

32. Defendant will rely on all defenses that become known to him during discovery and/or trial.

**WHEREFORE,** Defendant demands judgment as follows:

1. A determination as to the constitutionality of New York Senate Bill S51001 and New York Penal Law § 265.01-e; and

    2.    Such other and further relief as this Court may deem just, proper, and equitable, together with costs and disbursements of this action.

DATED:    Buffalo, New York
              December 2, 2022

**GIBSON, McASKILL & CROSBY, LLP**

By:   *s/Brian P. Crosby*
       Brian P. Crosby, Esq.
       Melissa M. Morton, Esq.
*Attorneys for Defendant Brian D. Seaman*
69 Delaware Avenue, Suite 900
Buffalo, New York 14202
Telephone: (716) 856-4200
Email: bcrosby@gmclaw.com
        mmorton@gmclaw.com

TO:    Nicolas J. Rotsko, Esq.
       Phillips Lytle LLP
       *Attorneys for Plaintiffs*
       One Canalside
       125 Main Street
       Buffalo, New York 14203-2887
       Telephone: (716) 847-5467
       Email: NRotski@phillipslytle.com

       David H. Thompson
       Peter A. Patterson
       John W. Tienken
       COOPER & KIRK, PLLC
       *Attorneys for Plaintiffs*
       1523 New Hampshire Avenue, N.W.
       Washington, D.C. 20036
       Telephone: (202) 220-9600
       Email: dthompson@cooperkirk.com
             ppatterson@cooperkirk.com
             jtienken@cooperkirk.com

- 8 -

CC:    Kenneth R. Kirby, Esq.
Assistant Erie County Attorney
*Attorneys for Defendant John J. Flynn, Esq.*
Erie County Department of Law
Edward J. Rath County Office Building
95 Franklin Street, Room 1634
Buffalo, New York 14202
Telephone:  (716) 858-2226
Email:  Kenneth.kirby@erie.gov

Ryan L. Belka, Esq.
Assistant Attorney General of New York
*Attorneys for Steven A. Nigrelli*
Main Place Tower, Suite 300A
350 Main Street
Buffalo New York  14202
Telephone:  (716) 853-8440
Email:  Ryan.Belka@ag.ny.gov