

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES  
BUFFALO REGIONAL OFFICE

January 20, 2023

**Via ECF**
Hon. John L. Sinatra, Jr.
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York

Re:   **Hardaway, et al., v. Nigrelli, et al.**
       **Case No. 22-cv-00771**

Dear Judge Sinatra,

On January 13, 2023, I alerted this court that the parties were conferring regarding a proposed stipulation to stay these proceedings. Since that time, it's become apparent that the parties cannot agree to the terms of a stay, and, as a result, Defendant Nigrelli proposes that this court stay these proceedings in this case, as other cases involving identical issues, are currently before the Second Circuit.

Indeed, courts in this circuit have repeatedly found it appropriate to stay proceedings "when a higher court is close to settling an important issue of law bearing on the action." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012). Despite this, my understanding is that Plaintiffs oppose entering a stay stipulation. Recall that Plaintiffs' single claim in this case is that the "places of worship" provision of the Concealed Carry Improvement Act ("CCIA"), N.Y. Penal Law § 265.01-e(2)(c), violates the Second Amendment – an issue currently before the Second Circuit in *Hardaway v. Nigrelli*, No. 22-2933.

It is appropriate to "'to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law).'" *Nuccio v. Duve*, No. 13-CV-1556, 2015 WL 1189617, at *5 (N.D.N.Y. Mar. 16, 2015) (quoting *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)). In determining whether to grant a stay, courts look to five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* (quoting *Finn v. Barney*, No. 08-CV-2975, 2008 WL 5215699, at *2 (S.D.N.Y. Dec. 8, 2008)).

Here, all five factors weigh strongly in favor of a stay. If the case goes forward, the parties will likely expend resources and effort conducting reciprocal fact and expert discovery and, if/when the Second Circuit provides additional guidance, the parties will have needlessly expended their resources and efforts. *See Nuccio*, 2015 WL 1189617 at *5 ("the second factor – the private interests of and burden on Defendant – weighs in favor of granting a stay, as the denial of a stay would force Defendant to expend resources on litigating issues that a final resolution of the [other] [a]ction will necessarily resolve."). "Permitting this action to proceed while judicial resources elsewhere are already devoted to determining the exact legal questions at issue here would be an inefficient use of judicial time and resources." *Id.* Moreover, "[s]taying this action will serve the interest of the courts, non-parties, and the public by promoting the efficient use of judicial resources and minimizing the possibility of conflicts between different courts." *Nuccio*, 2015 WL 1189617 at *5 (citation, punctuation, and brackets omitted).

The Superintendent has made similar stay requests in other CCIA litigation, and these have been granted. *See New York State Rifle & Pistol Association, Inc. v. Nigrelli*, No. 1:22-cv-00907 (N.D.N.Y. Dec. 1, 2022) (ECF Nos. 32-33); *Bleuer v. Nigrelli*, No. 3:22-cv-01037 (D.D.N.Y. Dec. 2, 2022) (ECF No. 100). Additionally, this court has stayed the other CCIA cases before it. *See Christian v. Nigrelli, et al.*, No. 22-cv-00695 (W.D.N.Y. Dec. 21, 2022) (ECF Nos. 55, 59-60); *Spencer, et al. v. Nigrelli, et al.* (W.D.N.Y. Dec. 27, 2022) (ECF No. 55). It is submitted that this Court should do likewise here.

Because the goal of the proposed stay would be the preservation of judicial resources, while the parties await rulings from the Second Circuit in *Antonyuk v. Hochul*, No. 22-2908 and *Hardaway v. Nigrelli*, No. 22-2933, Defendants respectfully request that the time to file a Reply to Plaintiff's Response to Defendant's Motion to Dismiss should also be stayed. The Second Circuit will undoubtedly speak to and provide guidance on the issue of standing, upon which Defendant's motion is premised.

For all the reasons listed above, Defendants seek a stay in these proceedings.

Respectfully Yours,

*/s/ Ryan L. Belka*

Ryan L. Belka
Assistant Attorney General
Buffalo Regional Office
Telephone: (716) 853-8440

cc:   All counsel of record (via e-filing)