

**Via CMECF and hand-delivery**
Hon. John L. Sinatra, Jr.
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202-3350

January 27, 2023

Re:  *Hardaway et al. v. Nigrelli et al.;* Case No. 1:22-cv-00771-JLS:
Proposed stay, <u>except for discovery</u>

Dear Judge Sinatra:

This letter is submitted on behalf of Plaintiffs in response to Defendant Nigrelli's (the "Superintendent") request for a stay (Dkt. 66). Plaintiffs propose that final judgment on the merits, and all other proceedings *except discovery*, be stayed pending the Second Circuit's decision on the appeal of this Court's preliminary injunction. Plaintiffs respectfully request that fact and expert discovery—to the extent any is needed—be completed during a four month period (six months at the most) while the proceedings are otherwise stayed.

There are several reasons why discovery should not be stayed, and should instead be concluded while awaiting the Second Circuit's decision. First, this is not a discovery intensive case. At most, the scope of fact discovery might encompass limited inquiry into Bishop Boyd's and Pastor Hardaway's concealed carry in church that the Place of Worship Ban would have blocked but for this Court's preliminary injunction. Such discovery can easily be completed while awaiting the Second Circuit's decision. Likewise, to the extent the Superintendent needs an "expert" to engage in legal research in hopes of finding historical analogues, there is no reason why this cannot be undertaken now, instead of after the Second Circuit's decision. If the Attorney General's office believes more legal research is needed (in addition to what it has done

ATTORNEYS AT LAW
─────────
NICOLAS J. ROTSKO   PARTNER   DIRECT 716 847 5467   NROTSKO@PHILLIPSLYTLE.COM
─────────
ONE CANALSIDE 125 MAIN STREET BUFFALO, NEW YORK 14203-2887 PHONE (716) 847-8400 FAX (716) 852-6100 | PHILLIPSLYTLE.COM
NEW YORK: ALBANY, BUFFALO, CHAUTAUQUA, GARDEN CITY, NEW YORK, ROCHESTER | CHICAGO, IL | WASHINGTON, DC | CANADA: WATERLOO REGION

Hon. John L. Sinatra, Jr. January 27, 2023

Page 2

to date), it should not sit idle while awaiting the Second Circuit's decision, but should conduct it now.

Plaintiffs have a strong interest in minimizing delay. Just this past weekend, for example, a young man was murdered one block from Pastor Hardaway's church in Niagara Falls, and the pastors are understandably eager for a final judgment upholding their Second Amendment right to armed self-defense.[1] Proceeding immediately with what little discovery there is to be done in this case will avoid delaying dispositive motion practice, and final judgment, after the Second Circuit issues its decision.

By contrast, the Superintendent cannot offer a compelling reason to postpone discovery until after the Second Circuit issues its decision. Instead, the Superintendent merely suggests that if discovery proceeds now, the Second Circuit's eventual decision might warrant more discovery, resulting in duplicated effort. Dkt. 66, at 2. A quick review of the Superintendent's appeal, however, reveals that this concern is unfounded.

The Superintendent suggests to this Court that the Second Circuit might substantially change the standard for standing. Dkt. 66, at 2. But the Superintendent did not even challenge this Court's standing determination on appeal. Exhibit A is a copy of the Superintendent's Second Circuit brief. Plaintiffs' standing is not mentioned. The Second Circuit's decision, therefore, cannot be expected to warrant new discovery on standing.

Further, the Superintendent makes two merits arguments on appeal, neither of which would warrant a change in the scope of discovery. First, the Superintendent raises a purely legal argument concerning whether *NYSRPA v. Bruen* affords the State a presumption of legality concerning the Place of Worship Ban, merely because the State labeled places of worship as "sensitive locations." Ex. A, at 2, 15-19. Resolution of this question should not expand the scope of discovery. Second, the Superintendent argues that even if this Court was correct (it was) that the Superintendent had the burden of production and persuasion to justify the Place of Worship Ban, he purportedly carried that burden, by identifying a sufficient regulatory tradition to meet the *Bruen* standard.

---

[1] https://www.niagara-gazette.com/news/crime/suspect-sought-in-murder-of-man-on-south-avenue-saturday-evening/article_5810dd08-9b72-11ed-893c-df4be1064673.html

Hon. John L. Sinatra, Jr. January 27, 2023

Page 3

Ex. A, at 2, 20-29.  If the Superintendent were to somehow prevail on this argument, he would not need additional discovery, because his legal research to date would have been sufficient.

Because the Superintendent offers no good reason to postpone discovery, and because Plaintiffs have a strong interest in proceeding expeditiously, Plaintiffs respectfully request that discovery be conducted over a four month period, and that the case be otherwise stayed pending appeal of the preliminary injunction.

Respectfully submitted,

Phillips Lytle LLP

By *[signature]*

Nicolas J. Rotsko

Enclosure/ Doc #10920776
cc:     Counsel of record (via CMECF)