UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JIMMIE HARDAWAY, JR., et al.,

                        Plaintiffs,                **JOINT STATUS REPORT**

     v.                                            Case No.:  1:22-cv-771-JLS

DOMINICK L. CHIUMENTO, et al.,

                        Defendants.

_____

       1.       This joint status report is submitted per the Court's Text Order, dated December 20, 2023 (Dkt. 77), and describes the parties' positions on further proceedings in light of the United States Court of Appeals for the Second Circuit's decision in *Antonyuk v. Chiumento*, 89 F. 4th 271 (2d Cir. 2023).

       2.       The Second Circuit's consolidated decision in *Antonyuk* dealt with, among other things, the State's appeal of this Court's Decision and Order (Dkt. 52), enjoining enforcement of the Concealed Carry Improvement Act's ban on carrying guns in places of worship, Penal Law § 265.01-e(2)(c).

       4.       The Second Circuit vacated the injunction as moot in light of the Legislature's May 3, 2023 amendment of Penal Law § 265.01-e(2)(c), which excepted from the ban "those persons responsible for security at such place[s] of worship."

       5.       As the Second Circuit observed, Plaintiffs Pastor Hardaway and Bishop Boyd alleged that prior to the church carry ban, they "authorize[d] licensed concealed carry by [themselves] and congregants on church premises for self-defense," and "under the amended

statute, they are perfectly capable of doing so" again. *Antonyuk*, 2023 WL 8518003, at *47 (italics removed).

6. "The amendment of the place of worship provision is not attributable to any named defendant in any of the cases on appeal; it is the product of the New York legislature's intervention. Most importantly, none of the New York officers named as defendants made a voluntary choice to discontinue their enforcement of the prior place of worship provision— which decision could one day be reversed, and the issues thereby revived. The challenged law is gone, and there is no possibility that the defendants could seek to enforce it against the Plaintiffs. Under these circumstances, vacatur of the district courts' injunctions is warranted." *Antonyuk v. Chiumento*, 89 F.4th 271, 345 (2d Cir. 2023)

6. In light of the Second Circuit's determination of mootness, the parties propose the following further proceedings:

    (a) within 30 days of this status report, defendants will move to dismiss this case in accordance with the decision of the Second Circuit, or the parties will stipulate to dismissal; and

    (b) Plaintiffs will file a fee application pursuant to 42 U.S.C. § 1988 in accordance with a briefing schedule set by the court.

Dated: Buffalo, New York  
       January 18, 2024

LETITIA JAMES  
Attorney General  
State of New York

By: */s/ Ryan L. Belka*  
RYAN L. BELKA

PHILLIPS LYTLE LLP

By */s/ Nicolas J. Rotsko*  
Nicolas J. Rotsko  
*Attorneys for Plaintiffs*  
One Canalside  
125 Main Street  
Buffalo, New York 14203-2887  
Telephone No.: (716) 847-8400  
NRotsko@phillipslytle.com

David H. Thompson*

| | |
|---|---|
| Assistant Attorney General<br>350 Main Place, Suite 300A<br>Buffalo, NY 14202<br>(716) 853-8440<br>Ryan.Belka@ag.ny.gov | Peter A. Patterson*<br>COOPER & KIRK, PLLC<br>*Attorneys for Plaintiffs*<br>1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 220-9600<br>(202) 220-9601 (fax)<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>*Admitted pro hac vice* |

## CERTIFICATE OF SERVICE

I hereby certify I filed the foregoing with the Clerk of the District Court using its CM/ECF system on this 18th day of January 2024.

/s/ Ryan Belka
Ryan L. Belka

Doc #101387